The relief described hereinbelow is SO ORDERED.

SIGNED this 29th day of November, 2011.



_____
Robert D. Berger
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:

**TODD ALLEN MARKLEY,**                                    **Case No. 11-20799**
      **Debtor.**                                              **Chapter 7**

_____

**GRANT HARTWIG, et al.,**
      **Plaintiffs,**

      **v.**                                                    **Adv. No. 11-06159**

**TODD ALLEN MARKLEY, et al.,**
      **Defendants.**

_____

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANTS' MOTION TO DISMISS AND
### GRANTING PLAINTIFFS' MOTION TO REMAND COUNTS
### AGAINST NON-DEBTOR DEFENDANTS

     Plaintiffs Grant Hartwig and Adria Secord seek to except from discharge approximately

$80,000 and allege the defendants fraudulently obtained and misappropriated funds Plaintiffs

invested in a business. Defendants' motion to dismiss is denied because Plaintiffs state an

individual claim under 11 U.S.C. §523(a)(2)(A) and a derivative claim under §523(a)(4) against

Defendant Debtor Todd Markley. The claims against the non-debtor defendants shall be remanded to the originating state court because this Court lacks jurisdiction.

**Background**

Plaintiffs allege they and Debtor owned a business called Success Meals of St. Louis, Inc., which prepared and delivered meals to clients' homes. Debtor was also the president, sole director, and sole shareholder of a similar business called Success Meals of Kansas City, Inc.

In 2005, Debtor approached Plaintiffs about investing in a Success Meals venture in the St. Louis market. Debtor allegedly represented the St. Louis-based business would make $500,000 in yearly profits. Plaintiffs allege the representations regarding the St. Louis venture's success were based on the performance of the Kansas City-based business. Plaintiffs invested $80,000 and received 40 per cent interest in the new company's stock. Plaintiffs do not allege what due diligence they performed before investing; however, they allege they would not have made the investment had they known the Kansas City company was not operating at a profit.

Plaintiffs allege Markley never deposited their $80,000 investment in Success Meals of St. Louis's operating account. Corporate financial statements show only $39,960 as paid-in capital from Hartwig.

Success Meals of St. Louis operated from December 2005 to March 2008. Plaintiffs allege Debtor fraudulently mismanaged the company by failing to disclose corporate records to Plaintiffs upon demand, commingling corporate and personal funds, and secretly transferring funds between Success Meals of Kansas City and Success Meals of St. Louis. Debtor dissolved Success Meals of St. Louis without notice to Plaintiffs. Plaintiffs allege Debtor transferred corporate funds and equipment to himself and Success Meals of Kansas City without

11.11.29 Hartwig v Todd Markley Dismiss.wpd

consideration.

Plaintiffs allege Debtor and his father Jim Markley then formed Diet Delivery, LLC, in 2009. Plaintiffs allege Diet Delivery was a mere continuation of Success Meals of Kansas City and was funded in part with Success Meals of St. Louis's assets. Plaintiffs allege Debtor and Diet Delivery misappropriated the assets of Success Meals of Kansas City and Success Meals of St. Louis and left the latter companies unable to pay their creditors or investors.

Debtor filed for bankruptcy on April 5, 2011. On January 5, 2010, Plaintiffs had filed a state court lawsuit against Debtor, his wife Krista, his father Jim, and the three corporations. Plaintiffs removed the entire state court lawsuit to this Court and instigated their complaint to determine dischargeability on May 24, 2011.[1]

### Discussion

A.    **Jurisdiction and Plaintiffs' Request to Remand Counts Against Non-Debtor Defendants to the Originating State Court**

Defendants filed a motion to dismiss the entire complaint. Plaintiffs filed their response and a motion for order terminating the automatic stay as to the non-debtor defendants, Jim Markley, Success Meals of Kansas City, and Diet Delivery. In their latter motion, Plaintiffs request the case against the non-debtors be remanded to the originating state court. Defendants did not respond to Plaintiffs' request to remand and rely on their arguments for dismissal.

Out of deference to and apprehension of the automatic stay, Plaintiffs removed the entire case to bankruptcy court to avoid a stay violation for pursuing Debtor's corporations under an alter ego or reverse veil-piercing remedy. The action began as an 11-count state court action,

---

[1] On February 10, 2011, the Court dismissed a similar dischargeability complaint against Krista Markley in her separate bankruptcy because Plaintiffs did not allege Krista Markley was involved in her husband's business. *Hartwig v. Markley (In re Markley),* 446 B.R. 484 (Bankr. D. Kan. 2011).

11.11.29 Hartwig v Todd Markley Dismiss.wpd

including several derivative counts brought on behalf of Success Meals of St. Louis for various acts of corporate waste and mismanagement.  The counts are broken down as follows:

a. Counts one through three are derivative actions against the Debtor for breach of fiduciary duty, theft of corporate assets, and conversion.  These counts contain allegations similar to the §523(a)(4) claim in the bankruptcy complaint.

b. Counts four through eight are derivative actions against all defendants for conspiracy, constructive trust, and accounting.  These counts contain allegations similar to fraudulent transfer and successor liability claims.  The bankruptcy complaint does not contain these counts.

c. Counts nine through eleven are individual actions against Debtor for fraud, negligent misrepresentation, and recission.  These counts contain allegations similar to the §523(a)(2) claim in the bankruptcy complaint.

The state court complaint and the subsequent bankruptcy complaint do not request alter ego or reverse veil-piercing remedies.  Plaintiffs, derivatively on behalf of Success Meals of St. Louis, seek to recover the value of corporate assets Plaintiffs allege were improperly transferred to the non-debtor defendants without consideration.

## B. Actions Between Non-Debtors Shall Be Remanded

The bankruptcy court does not have jurisdiction over the derivative causes of action brought on behalf of a non-debtor corporation against non-debtor defendants.  Suits between non-debtors do not belong in bankruptcy court absent related-to jurisdiction.[2]  A proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or

---

[2] *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990).

freedom of action in any way, thereby impacting the handling and administration of the bankruptcy estate.[3]

Causes of action belonging to non-debtor Success Meals of St. Louis are not significantly related to Debtor's bankruptcy. Recovery on behalf of Success Meals of St. Louis first inures to the benefit of the corporation's creditors, then to equity holders. The suit between these non-debtors will not impact Debtor's bankruptcy unless Plaintiffs seek a reverse veil-piercing remedy. Only the Chapter 7 Trustee has standing to collect and distribute Debtor's assets, including any remedies available by virtue of a debtor operating a sham corporation.[4] As long as Plaintiffs are not attempting to reverse pierce the corporate veil, Plaintiffs have standing to pursue claims derivatively against non-debtor defendants on behalf of Success Meals of St. Louis in another forum. With the admonition Plaintiffs may not raise reverse veil-piercing/alter ego causes of action in state court, counts four through eight against Jim Markley, Success Meals of Kansas City, and Diet Delivery are remanded to the state court. The Court has the power to remand the case to the originating state court.[5]

### C.      Motion to Dismiss Standard for the Counts Against Debtor

In considering a motion to dismiss, the court accepts all well-pleaded factual allegations, as opposed to conclusory legal allegations, as true and construes them in the light most favorable to the plaintiff.[6] To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain

---

[3]  *Id.,* citing *Pacor, Inc., v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

[4]  *See, e.g., Tsai v. Buildings by Jamie, Inc. (In re Buildings by Jamie, Inc.),* 230 B.R. 36 (Bankr. D.N.J. 1998).

[5]  *Allied Signal Recovery Trust v. Allied Signal, Inc.,* 298 F.3d 263, 270 (3d Cir. 2002).

[6]  *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180  (10th Cir. 1991).

-5-

sufficient factual allegations to state a plausible claim to relief.[7] A claim is plausible when plaintiff pleads sufficient facts to allow the court to reasonably infer the defendant is liable for the alleged misconduct. The allegations must be enough to raise a right to relief above the speculative level. The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.[8]

### D. Allegations Required to Support a Claim Under §523(a)(2)

In order to state a claim under §523(a)(2)(A), the plaintiff must allege the defendant made a false representation or a material omission with an intent to deceive, and the plaintiff justifiably relied upon it to his detriment. Complaints for nondischargeability for fraud also have heightened pleading requirements under Fed R. Bankr. P. 7009. Alleging fraud with Rule 9's required particularity means (1) identifying who made the misrepresentation; (2) stating the time, place and content of the misrepresentation; and (3) describing how the misrepresentation was communicated and its consequences.

### E. Sufficiency of Plaintiffs' §523(a)(2)(A) Allegations

Plaintiffs' complaint sufficiently alleges facts asserting fraud against Debtor. Plaintiffs allege Debtor induced them to invest $80,000 in Success Meals of St. Louis in 2005. Plaintiffs allege only $39,960 of their initial investment has been accounted for in Success Meals of St. Louis's books and records. These allegations are sufficient to state a cause of action and allow Debtor to prepare a defense.

Debtor claims other allegations regarding promises of future profits and alleged

---

[7] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[8] *Near v. Crivello,* 673 F. Supp. 2d 1265 (D. Kan. 2009).

11.11.29 Hartwig v Todd Markley Dismiss.wpd

mismanagement of Success Meals of Kansas City do not state a claim. These allegations are included in one count under §523(a)(2); they do not stand alone as a separate claim. The core complaint regarding the alleged fraudulent procurement of the initial $80,000 investment and the subsequent failure to account for about half of the investment is sufficient to survive dismissal.

### F.     Allegations Required to Support a Claim under §523(a)(4)

A claim under §523(a)(4) requires fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Fiduciary is narrowly defined to except a debt from discharge.[9] The "general definition of fiduciary – a relationship involving confidence, trust and good faith – is too broad in the dischargeability context."[10] Thus, ordinary commercial relationships such as creditor-debtor or principal-agent do not rise to the level of the fiduciary relationship contemplated by the Bankruptcy Code.[11] Rather, §523(a)(4) requires a preexisting fiduciary relationship between the parties which imposed upon one party responsibility for and control of the other party's assets or property.[12]

The existence of a fiduciary duty for §523(a)(4) is a question of federal law, not a fact to be pled. Outside the corporation-corporate officer context, §523(a)(4) requires an express or technical trust. A few cases find a corporate officer or director is not a fiduciary of the corporation.[13] These cases are in the minority. The vast majority hold corporate officers and

---

[9]   *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1371 (10th Cir. 1996).

[10]   *Arnett, et al., v. Weiner (In re Weiner),* 95 B.R. 204, 206 (Bankr. D. Kan. 1989) (citations omitted).

[11]   *In re Young*, 91 F.3d at 1372 (citing *Allen, et al., v. Romero (In re Romero)*), 535 F.2d 618, 621 (10th Cir. 1976)). A corporate officer may not be a fiduciary of the corporation's creditors absent a statutory, technical or express trust. *American Metals Corp. v. Cowley (In re Cowley)*, 35 B.R. 526, 529 n.1 (Bankr. D. Kan. 1983) (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934); *In re Romero*, 535 F.2d at 618).

[12]   *In re Young*, 91 F.3d at 1371-72.

[13]   *Pacific-Midwest Gas Co. v. Hutton (In re Hutton),* 117 B.R. 1009 (N.D. Okla. 1990); *Bonito Land and Livestock, Inc., v. Green (In re Green),* 386 B.R. 865 (Bankr. D.N.M. 2008). Debtor also cites *In re Twitchell,* 91 B.R. 961 (D. Utah 1988). *Twitchell* reversed the bankruptcy court's decision finding the officer acted in a fiduciary capacity. However, the Tenth Circuit reversed the district court and reinstated the bankruptcy decision without an

11.11.29 Hartwig v Todd Markley Dismiss.wpd

directors are §523(a)(4) fiduciaries of their corporations.[14]  The general §523(a)(4) rule requiring

an express or technical trust does not apply to corporate officers when the complaining party is

the corporation which placed its assets within the officer's responsibility and control.[15]

While federal law controls, state law is also important to the determination of a fiduciary

relationship.[16]  Under Missouri law, a corporate officer is a fiduciary of the corporation and its

assets.[17]

## G. Derivative Claims Against Debtor Were Properly Removed to the Bankruptcy Court

The derivative causes of action against Debtor are properly before the Bankruptcy Court.

Misappropriation of corporate funds or property by a corporate officer is an injury to the

corporation, not individual shareholders.  The right to maintain the suit is the corporation's right

and must be brought derivatively if the corporation is unable to bring the action itself.[18] Plaintiffs

properly pled the shareholder derivative actions originally brought in Missouri pursuant to

Missouri Civil Procedure Rule 52.09, which mirrors Fed. R. Civ. P. 23.1.  The Plaintiffs filed a

verified petition and alleged the requisite stock ownership at the time of the transactions at issue.

---

accompanying opinion.  *In re Twitchell*, 892 F.2d 86 (10th Cir. 1989).

    [14]  *Woodstock Housing Corp. v. Johnson (In re Johnson),* 242 B.R. 283, 294 (Bankr. E.D. Pa. 1999) (compiling 11 citations so holding with only 2 citations in opposition); *In re Cowley*, 35 B.R. at 528-29 (citing *Pepper v. Litton*, 308 U.S. 295 (1939); *John P. Maguire & Co. v. Herzog*, 421 F.2d 419 (5th Cir. 1970); *Lawrence T. Lasagna, Inc., v. Foster*, 609 F.2d 392 (9th Cir. 1979)); *M-R Sullivan Mfg. Co., Inc., v. Sullivan (In re Sullivan),* 217 B.R. 670, 675 (Bankr. D. Mass. 1998); *Miramar Resources, Inc., v. Shultz (In re Shultz),* 205 B.R. 952, 958 (Bankr. D.N.M. 1997) (Delaware law); *Hays v. Cummins (In re Cummins),* 166 B.R. 338, 354 (Bankr. W.D. Ark. 1994); *Mullen v. Jones (In re Jones),* 445 B.R. 677, 708 (Bankr. N.D. Tex. 2011).

    [15]  *Redmond v. Karr (In re Karr)*, 442 B.R. 785, 802-03 (Bankr. D. Kan. 2011) (Nevada law) (citations omitted).

    [16]  *In re Karr,* 442 B.R. at 801.

    [17]  *Dawson v. Dawson,* 645 S.W.2d 120, 125 (Mo. Ct. App. 1982).

    [18]  *In re Bridge Information Systems, Inc.,* 325 B.R. 824, 831 (Bankr. E.D. Mo. 2005); *Goldstein v. Studley*, 452 S.W.2d 75, 78 (Mo. 1970); *Centerre Bank of Kansas City, Nat'l Ass'n. v. Angle*, 976 S.W.2d 608, 613 (Mo. Ct. App. 1998); *21 West, Inc., v. Meadowgreen Trails, Inc.*, 913 S.W.2d 858, 871 (Mo. Ct. App. 1996); *Peterson v. Kennedy*, 791 S.W.2d 459, 464 (Mo. Ct. App. 1990); *Schick v. Riemer*, 263 S.W.2d 51, 54 (Mo. Ct. App. 1954).

11.11.29 Hartwig v Todd Markley Dismiss.wpd

Plaintiffs alleged Success Meals of St. Louis was a closely held corporation with only three shareholders. Plaintiffs alleged Debtor was the controlling shareholder and injured the corporation through mismanagement and misappropriation of corporate property.

**H.  Sufficiency of Plaintiffs' §523(a)(4) Allegations**

Plaintiffs allege Debtor was the majority shareholder, controlling officer, and sole director of Success Meals of St. Louis. Plaintiffs allege Debtor commingled corporate funds with his personal funds and with Success Meals of Kansas City's funds. Plaintiffs allege Debtor transferred Success Meals of St. Louis's equipment, supplies, furniture and fixtures to Success Meals of Kansas City without consideration. These allegations made on behalf of Success Meals of St. Louis state a claim for breach of fiduciary duty because they allege Debtor misappropriated corporate property intrusted to his responsibility for the benefit of the corporation and not himself.

Debtor argues the lack of an express or technical trust. Debtor's argument is based, in part, upon the Court's Order dismissing a similar complaint against Debtor's wife, Krista. There is a key difference between the two cases. Unlike Debtor Todd Markley, Krista Markley was never a shareholder, officer, or director of any of her husband's businesses, and the complaint against her did not so allege. As to Debtor Todd Markley, Plaintiffs allege facts which, if proven, could establish a fiduciary capacity. Debtor's motion is denied because while a corporate officer may not always stand in a fiduciary capacity in relation to an individual shareholder, the corporate officer is the steward of the corporation's property and stands in a fiduciary capacity when the corporation itself objects to the officer's mishandling of corporate property. Plaintiffs bring their §523(a)(4) complaint derivatively on behalf of Success Meals of

11.11.29 Hartwig v Todd Markley Dismiss.wpd

St. Louis. Plaintiffs are again cautioned any finding of nondischargeability inures to the benefit of the corporation and not to Plaintiffs individually.

I. **Conclusion**

By alleging the initial investment has yet to be properly accounted for, Plaintiffs state a plausible individual cause of action under §523(a)(2)(A). By alleging, on behalf of Success Meals of St. Louis, corporate property was misappropriated and transferred without consideration, Plaintiffs state a plausible derivative cause of action under §523(a)(4). The claims are sufficient to avoid dismissal.

IT IS ORDERED the Defendants' Motion to Dismiss the Complaint is DENIED.

IT IS FURTHER ORDERED Plaintiffs' motion to remand the causes of action against non-debtor defendants, Jim Markley, Success Meals of Kansas City, and Diet Delivery is GRANTED.

Each party shall bear their own costs related to the Motion to Dismiss and the motion to remand.

### 

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

-10-